EXHIBIT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GEORGE BELL, JEAN BELL, ADALBERT LUX,
BRIGITTA LUX, CHARLES VAN NEIL,
JEANNETTE VAN NEIL, PATSY PUGLIESE,
ALICE PUGLIESE, GERALD SMART,
DOROTHY SMART, HERBERT OELKERS,
RICHARD MORRILL, RUTH MORRILL, BLAIR
HENDERSHOT, and JOAN HENDERSHOT,

                Plaintiffs,

          -against-

XEROX CORPORATION, XEROX PLAN
ADMINISTRATOR COMMITTEE, LAWRENCE
M. BECKER, XEROX MEDICAL PLAN, XEROX
DENTAL CARE PLAN, and XEROX
CORPORATION 1986 ENHANCED EARLY
RETIREMENT PROGRAM,

                Defendants.

Civil Action No. 6:13-cv-06586

---

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release (the "Agreement") is made and entered into as of September __, 2018 by and between Plaintiffs **GEORGE BELL, JEAN BELL, ADALBERT LUX, BRIGITTA LUX, CHARLES VAN NEIL, JEANNETTE VAN NEIL, PATSY PUGLIESE, ALICE PUGLIESE, GERALD SMART, DOROTHY SMART, HERBERT OELKERS, RICHARD MORRILL, RUTH MORRILL, BLAIR HENDERSHOT, and JOAN HENDERSHOT** (collectively "Plaintiffs") and Defendants **XEROX CORPORATION, XEROX PLAN ADMINISTRATOR COMMITTEE, LAWRENCE M. BECKER, XEROX MEDICAL PLAN, XEROX DENTAL CARE PLAN, and XEROX CORPORATION 1986 ENHANCED EARLY RETIREMENT PROGRAM** (collectively the "Defendants"). Individual Plaintiffs and Defendants are also referred to individually by name as appropriate and as specifically designated below.

## WITNESSETH:

**WHEREAS**, on or about October 29, 2013, Plaintiffs commenced an Action, identified in the above-referenced caption and civil action number, against Defendants in the United States District Court for the Western District of New York, seeking a clarification of their rights to benefits in employee welfare benefit plans under the Employee Retirement Income Security Act, as amended ("ERISA"), as participants in the Xerox Medical Care Plan for Retired Employees, as amended, and the Xerox Dental Care Plan, as amended, which are referred to in the above caption as Defendant "Xerox Medical Plan" and the Defendant "Xerox Dental Care Plan" respectively, (collectively referred to in this Agreement as the "Old Plan"); and

**WHEREAS**, Defendants have interposed an Answer in the Action, denying any liability and asserting a number of defenses to Plaintiffs' claims; and

**WHEREAS**, Plaintiffs and Defendants appeared and/or by and with their respective counsel, Anne K. Bowling, Esq., of Rupp Baase Pfalzgraf Cunningham, LLC, representing the Plaintiffs, and Margaret A. Clemens, Esq., of Littler Mendelson, P.C., representing the Defendants, engaged in court-ordered mediation with a court-appointed mediator, Robert Calihan, Esq., at the United States District Courthouse for the Western District of New York on November 17, 2017, resolved and settled the Action and placed the material terms of the Settlement Agreement on the record in open court, before the Honorable Marion W. Payson, United States Magistrate Judge, presiding, with the understanding that the Settlement Agreement would be followed by a written instrument providing for the signatures of Plaintiffs and Defendants (*See* Dkt. No. 59);

**NOW**, **THEREFORE**, in consideration of the mutual covenants and agreements contained herein and other good and valuable consideration, Plaintiffs and Defendants (also referred to herein as a "Party," individually, or the "Parties," collectively) agree as follows:

1. **Plaintiffs' Medical and Dental Coverage**

1.1     Prior to the execution of the Settlement Agreement, Defendants will provide one letter signed by the Vice President of Benefits for Xerox stating that there is no present intention to change the Old Plan for the above-named Plaintiffs.

1.2     Prior to the execution of the Settlement Agreement, Defendant Plan Administrator Committee, through its Chair, the Director of Global Benefits, will provide a letter that will identify what medical and dental plan the Plaintiffs' benefits are administered under and provide to Plaintiffs a copy of the Summary Plan Description ("SPD") for those plans and further confirm that the SPD provided to them is the same SPD provided to the claims administrators, such as Anthem and MVP, who administer their medical and dental claims.

2. **Settlement Sum.**

2.1     In full and final settlement of all disputes alleged in the Action, as well as any disputes, claims, or charges in any way relating to or arising out of Plaintiffs' allegations contained in the Complaint, including claims for attorneys' fees incurred by Plaintiffs in connection with the Action and any disputes, claims or charges concerning matters released in Section 5 of this Agreement, Defendants shall pay to Plaintiffs the Settlement Sum of Two Hundred Fifty-Five Thousand dollars and no cents ($255,000.00), inclusive of their costs and attorneys' fees in the Action, at the time and on the terms and conditions described below.

2.2     Within the time set forth in Section 2.4 below, Xerox will pay to Plaintiffs the following amounts:

      i.     One check payable to "George and Jean Bell" in the amount of Five Thousand dollars and no cents ($5,000.00), for which an IRS Tax Form 1099 shall be issued at the appropriate time, which the Parties represent, acknowledge and agree shall represent Plaintiff George Bell and Plaintiff Jean Bell's incurred costs and expenses in connection with this Action;

ii.      One check payable to "George Bell" in the amount of Six Thousand Six Hundred Sixty-Seven dollars and Sixty-Seven cents ($6,666.67), for which an IRS Tax Form 1099 shall be issued at the appropriate time;

iii.     One check payable to "Jean Bell" in the amount of Six Thousand Six Hundred Sixty-Six dollars and Sixty-Seven cents ($6,666.67), for which an IRS Tax Form 1099 shall be issued at the appropriate time;

iv.      One check payable to "Adalbert Lux" in the amount of Six Thousand Six Hundred Sixty-Six dollars and Sixty-Seven cents ($6,666.67), for which an IRS Tax Form 1099 shall be issued at the appropriate time;

v.       One check payable to "Brigitta Lux" in the amount of Six Thousand Six Hundred Sixty-Six dollars and Sixty-Seven cents ($6,666.67), for which an IRS Tax Form 1099 shall be issued at the appropriate time;

vi.      One check payable to "Charles Van Neil" in the amount of Six Thousand Six Hundred Sixty-Six dollars and Sixty-Seven cents ($6,666.67), for which an IRS Tax Form 1099 shall be issued at the appropriate time;

vii.     One check payable to "Jeannette Van Neil" in the amount of Six Thousand Six Hundred Sixty-Six dollars and Sixty-Seven cents ($6,666.67), for which an IRS Tax Form 1099 shall be issued at the appropriate time;

viii.    One check payable to "Patsy Pugliese" in the amount of Six Thousand Six Hundred Sixty-Six dollars and Sixty-Seven cents ($6,666.67), for which an IRS Tax Form 1099 shall be issued at the appropriate time;

ix.      One check payable to "Alice Pugliese" in the amount of Six Thousand Six Hundred Sixty-Six dollars and Sixty-Seven cents ($6,666.67), for which an IRS Tax Form 1099 shall be issued at the appropriate time;

x.       One check payable to "Gerald Smart" in the amount of Six Thousand Six Hundred Sixty-Six dollars and Sixty-Seven cents ($6,666.67), for which an IRS Tax Form 1099 shall be issued at the appropriate time;

xi.      One check payable to "Dorothy Smart" in the amount of Six Thousand Six Hundred Sixty-Six dollars and Sixty-Seven cents ($6,666.67), for which an IRS Tax Form 1099 shall be issued at the appropriate time;

xii.     One check payable to "Herbert Oelkers" in the amount of Six Thousand Six Hundred Sixty-Six dollars and Sixty-Seven cents ($6,666.67), for which an IRS Tax Form 1099 shall be issued at the appropriate time;

xiii.    One check payable to "Richard Morrill" in the amount of Six Thousand Six Hundred Sixty-Six dollars and Sixty-Seven cents ($6,666.67), for which an IRS Tax Form 1099 shall be issued at the appropriate time;

xiv.     One check payable to "Ruth Morrill" in the amount of Six Thousand Six Hundred Sixty-Six dollars and Sixty-Seven cents ($6,666.67), for which an IRS Tax Form 1099 shall be issued at the appropriate time;

xv.   One check payable to "Blair Hendershot" in the amount of Six Thousand Six Hundred Sixty-Six dollars and Sixty-Seven cents ($6,666.67), for which an IRS Tax Form 1099 shall be issued at the appropriate time;

xvi.   One check payable to "Joan Hendershot" in the amount of Six Thousand Six Hundred Sixty-Six dollars and Sixty-Seven cents ($6,666.67), for which an IRS Tax Form 1099 shall be issued at the appropriate time; and,

xvii.   One check payable to "Rupp, Baase, Pfalzgraf, Cunningham, LLC" in the amount of One Hundred Forty-Nine Thousand Nine Hundred Ninety-Nine dollars and Ninety-Five cents ($149,999.95), for which an IRS Tax Form 1099 shall be issued at the appropriate time.

2.3     The payment of the Settlement Sum represents a complete settlement and compromise of the claims that Plaintiffs brought in this Action, as well as for any and all causes of action arising from or related to this Action, and any and all disputes, causes of action, or charges concerning matters released in Section 5 of this Agreement and for attorneys' fees and costs incurred by Plaintiffs in connection with the Action.

2.4     Xerox shall have no obligation to pay the Settlement Sum or any portion thereof until ten (10) business days after the latest to occur of each of the following:  (a) receipt by counsel of record for Defendants of a complete original of this Agreement bearing each Plaintiff's original notarized signatures and each Plaintiff's initials on each page; (b) receipt by counsel of record for Defendants of the signed stipulation for dismissal with prejudice of the Action referred to in Section 3 below; and (c) receipt of a W-9 form, or appropriate tax form, for each Plaintiff and their counsel.   Plaintiffs further understand and agree that Defendants' obligations under this Agreement are expressly contingent and conditional upon the dismissal with prejudice of all causes of action asserted in the Action.  All of the checks for the amounts specified in Section 2.2 will be delivered to Anne Bowling, Esq. of Rupp Baase Pfalzgraf Cunningham, LLC.

2.5     Plaintiffs acknowledge and agree that they shall pay and be responsible for any local, state, or federal income taxes, penalties, fines or assessments incurred as the result of Xerox's payment of the Settlement Amount under this Agreement.  Each Plaintiff shall hold harmless and indemnify the Releasees (as defined paragraph 5 below) from the nonpayment of taxes arising from the payment of the Settlement Amount and shall reimburse Releasees for all taxes, assessments, penalties, fines, liabilities, costs, and expenses, including attorneys' fees, incurred by the Releasees whether by reason of any claims made by the Internal Revenue Service or any other taxing authority, arising from or relating to Plaintiff's nonpayment of taxes arising from the payment of the Settlement Amount.  Plaintiffs expressly represent and acknowledge that the Releasees shall not be liable for any taxes owed by Plaintiffs regarding amounts paid pursuant to this Agreement, and further acknowledge that neither the Releasees nor their counsel have made any representation to Plaintiffs or their counsel regarding their tax liability, if any, for the payments described in this Agreement.

3.     **<u>Dismissal of Action</u>**.

No later than 21 days from the receipt of this Agreement by Plaintiffs' attorney, Anne K. Bowling, Esq., Plaintiffs' attorney shall execute and deliver to counsel of record for Defendants, Margaret A. Clemens, Esq., Littler Mendelson P.C., at 375 Woodcliff Drive, 2nd Floor, Fairport,

New York, 14450, a Stipulation of Dismissal with Prejudice of the Action in its entirety in the form attached as **Exhibit A** (the "Stipulation"). Following payment of the Settlement Sum, counsel for Defendants shall file the Stipulation with the United States District Court for the Western District of New York, with Plaintiffs and Defendants to bear their own costs and attorneys' fees, except as provided in Section 2.2, (xvii).

4.       **No Amounts Owed.**

Plaintiffs acknowledge and agree that the Settlement Sum provided for in Section 2 shall constitute the entire, maximum, and only financial obligation of Defendants to Plaintiffs under this Agreement. Without limiting the generality of the foregoing, Plaintiffs agree that the Settlement Sum includes payments for any and all attorneys' fees and costs incurred by Plaintiffs in connection with the Action.

5.       **Complete and General Release.**

5.1       For valuable consideration, the receipt and adequacy of which is hereby acknowledged, and except as specifically provided in this Section, Plaintiffs, on behalf of themselves, and each of their heirs, executors, administrators, attorneys, representatives, successors and assigns (all collectively referred to as "Releasors"), do hereby release and forever discharge (1) Defendant Xerox Corporation and any of its past, present or future parent companies, subsidiaries, affiliates, benefit plans, benefit plan administrators and fiduciaries, predecessors, successors and assigns, and the present or former officers, directors, representatives, shareholders, employees, trustees, shareholders and agents of all of them, whether in their individual or official capacities, and their heirs, executors, administrators, distributees, legatees, successors and assigns and any person or entity acting for or on behalf of Xerox Corporation, (2) Defendants Xerox Plan Administrator Committee and Lawrence M. Becker and each of their and/or his heirs, executors, administrators, attorneys, representatives, successors and assigns; and (3) the Xerox Medical Plan, the Xerox Dental Care Plan, and Xerox Corporation 1986 Enhanced Early Retirement Program – to the extent that the latter is considered a legal entity or ERISA-governed plan (which Defendants do not concede) - any of its past, present or future parent companies, subsidiaries, affiliates, benefit plans, benefit plan administrators and fiduciaries, predecessors, successors and assigns, and the present or former officers, directors, representatives, shareholders, employees, trustees, shareholders and agents of all of them, whether in their individual or official capacities, and their heirs, executors, administrators, distributees, legatees, successors and assigns and any person or entity acting for or on behalf of the Plan (all three collectively referred to as "Releasees") of and from any and all claims, causes of action, suits, disputes, charges, debts, liens, contracts, judgments, agreements, promises, liabilities, demands, damages, losses, costs, or expenses of any nature whatsoever, known or unknown, fixed or contingent (hereinafter all collectively the "Claims"), which the Releasors now have or may hereafter have against the Releasees, by reason of any matter, event, act, omission, cause or thing relating to or arising from the claims brought in this Action whatsoever from the beginning of time to the date of Plaintiffs' execution of this Agreement, including without limitation, any and all Claims relating to or arising out of:

(a)       the allegations contained in the Complaint;

(b)       any contract, tort, violation of public policy, and/or common law claims of any kind, as of the date of Plaintiffs' execution of this Agreement, related to the allegations contained in the Complaint;

(c)     the Action, including without limitation all claims that were or could have been asserted by Plaintiffs in the Action, or with any other governmental agency as of the date of Plaintiffs' execution of this Agreement;

(d)     any other federal, state or local statute, ordinance, regulation or common law, whether in law or in equity, whether in any federal or state court or before an administrative agency of any federal, state, county or local government, relating directly or indirectly to or resulting directly or indirectly from the allegations contained in the Complaint; and

(e)     any claim for employment benefits, costs, fees, compensatory damages or other expenses including, without limitation, attorneys' fees incurred in connection with the Action.

5.2     Plaintiffs expressly acknowledge that this Agreement contains a general release of claims asserted in the Action and is to be construed to the broadest extent permitted by law. Plaintiffs are not waiving any rights that cannot be waived by law but do forever waive their right to recover any damages should any agency or anyone else ever pursue a claim on their behalf against Releasees relating to claims or arising from claims bought in this Action from the beginning of time to the date of this Agreement.  Plaintiffs expressly acknowledge that this Agreement is intended to include in its effect, without limitation, all Claims related to this Action not known or suspected to exist in Plaintiffs' favor at the time of Plaintiffs' signing of this Agreement, and that this Agreement contemplates the extinguishment of any such Claim(s) which they have or may have against the Releasees including, without limitation, any rights to appeal or seek reconsideration or modification of any order, decision or judgment in the Action.

5.3     Plaintiffs agree to withdraw their complaint related to claims brought in the Action filed with the United States Department of Labor ("Administrative Complaint").

5.4     Other than the Action and the Administrative Complaint, Plaintiffs know of no actions at law or in equity, nor administrative proceedings currently pending which concern allegations relating to or arising out of Plaintiffs' employment by Defendants.

5.5     This Agreement pertains to Plaintiffs' release of Claims under ERISA.  Plaintiffs are advised to consult with an attorney of their choosing prior to executing this Agreement. Plaintiffs' knowing and voluntary execution of this Agreement is an express acknowledgement and agreement that they have had the opportunity to review this Agreement with an attorney of their choosing and to the extent they so desired: that they have done so; that they have received consideration under this Agreement in addition to anything of value to which they were otherwise already entitled; that this Agreement refers to rights or claims arising under ERISA; and that Plaintiffs agree that they understand the meaning of this Agreement.

5.6     Except as to Plaintiffs' rights to enforce this Agreement, Plaintiffs covenant, to the maximum extent permitted by law, that they shall not at any time hereafter commence, maintain, prosecute, participate in, or permit to be filed by any other person on their behalf, individually or collectively, any action, charge, complaint, suit, proceeding or grievance of any kind, based in law or equity, before any court, administrative body, or other tribunal (whether governmental, self-regulatory or otherwise) against Releasees with respect to any actual or alleged act, omission, transaction, practice, conduct, occurrence or other matter relating to or arising from the claims in this Action at any time up to and including the date of execution of

this Agreement by Plaintiffs.  Plaintiffs further covenant, to the maximum extent permitted by law, that they shall not at any time hereafter provide support or assistance, directly or indirectly, to others in connection with any action, charge, complaint, suit, grievance, or proceeding of any kind against Releasees related to or arising from claims in this Action, provided, however, that the foregoing covenant shall not preclude Plaintiffs from testifying or otherwise giving evidence in a proceeding before a court or agency or other judicial or quasi-judicial forum under compulsion of law, pursuant to formal process, provided that Plaintiffs have provided at least five (5) business days' prior written notice to Defendants' counsel in the Action at the address herein.  Except as allowed by law, if Plaintiffs at any time commence or in any manner seek relief against any of the Releasees through any suit, charge of discrimination or other legal proceeding arising out of, based upon, or relating to any of the Claims released hereunder, or which are based on facts similar to those underlying the Claims, then Plaintiffs shall pay, to the extent permitted by law, in addition to any other damages caused thereby, all reasonable attorneys' fees and costs incurred by the Releasees in defending or otherwise responding to said suit, charge or proceeding.

5.7    Notwithstanding anything to the contrary set forth above, the Parties expressly acknowledge and agree that the general release contained in this Section 5.1 is not intended to apply to (i) any claim for vested rights Plaintiffs may have under Defendants' other ERISA-covered employee benefit plans as of the Effective Date of the Agreement; (ii) an administrative claim or appeal related to a specific medical or dental procedure or expense which a Plaintiff believes may be covered under the terms of the Old Plan, which was filed during the pendency of this Action, and was not resolved as of the Effective Date of the Agreement; (iii) any claim, action, or other proceeding to enforce this Agreement, or (iv) any other claims that, under controlling law, may not be released by private settlement.

5.8    Notwithstanding anything to the contrary, this Agreement does not limit Plaintiffs' rights to discuss ERISA.

5.9    Plaintiffs represent and warrant that, other than the Action and the Administrative Complaint, Plaintiffs have not filed, directly or indirectly, any legal, administrative or other proceeding against Defendants with any state, local, or federal court or agency.  Plaintiffs further represent and warrant that there has not been and there will be no assignment, subrogation, or other transfer of any interest in any of the released Claims.  Plaintiffs agree to indemnify and hold harmless the Releasees from any liability, claims, judgments, demands, costs, expenses and attorneys' fees incurred by the Releasees as a result of any person asserting any such assignment or transfer or any rights to claims under any such assignment or transfer.

6.    **No Admissions of Liability or Wrongdoing.**

The Defendants hereto acknowledge and agree that they enter into this Agreement solely for the purposes of avoiding the time consuming and costly prospects of further litigation. Neither the payment of the Settlement Sum nor the execution or performance of any terms of this Agreement shall constitute or be construed as an admission of any liability or wrongdoing whatsoever by Defendants, which expressly deny all such liability or wrongdoing.  Plaintiffs acknowledge that they enter this Agreement solely for the purposes of avoiding the time, cost and effort of further litigation.  Neither the receipt of the Settlement Sum nor the performance of any terms of the Agreement shall be construed or shall constitute an admission that Plaintiffs' claims lack merit.  The Parties agree that they may use this Agreement as evidence only in a proceeding in which any of the parties allege a breach of this Agreement.

7.      **Confidentiality & Non-Disparagement.**

7.1     Plaintiffs and Defendants agree that the terms of this Agreement are strictly confidential.  Plaintiffs agree that they shall not report, divulge, publicize or in any way reveal the terms of this Agreement to any person, corporation, union, agency or any other entity not a party to this Agreement, except: (a) each Plaintiff's attorneys, accountants, tax advisors or agent who has a duly executed power of attorney to act on behalf of Plaintiff, for purposes of rendering legal, financial, and tax advice, respectively, provided that such attorney, accountant, tax advisor or agent expressly agree in advance to keep such information strictly confidential and not to disclose it to others; (b) the Internal Revenue Service, upon proper request or as necessary to comply with income tax reporting requirements, if any; (c) each Plaintiffs' current spouse, provided said spouse agrees in advance to keep such information confidential and not to disclose it to others; and (d) pursuant to an order of a governmental body or court of competent jurisdiction.  Should any person to whom any Plaintiff discloses such information under the terms of this Sections 7.1(a) and 7.1(c) fail to maintain its confidentiality as prescribed herein, such failure shall be considered a violation of this confidentiality provision by Plaintiffs. Defendants agree that they shall not report, divulge, publicize or in any way reveal the terms of this Agreement to any person, corporation, union, agency or any other entity not a party to this Agreement, except to its executive officers, accountants, attorneys, and tax advisors provided that such attorney, accountant, and tax advisor expressly agree in advance to keep such information strictly confidential and not to disclose it to others.

7.2     Plaintiffs and Defendants agree that in the event of a third party inquiry as to the lawsuit, each party agrees to state only that, "The matter has been resolved."

7.3     Plaintiffs agree not to disparage, criticize, condemn, or impugn the business or personal reputation or character of the Releasees, or any of the actions of the Releasees which are, have been, or may be taken by them prior to the execution of this Agreement.  Defendants agree not to disparage, criticize, condemn or impugn the business or personal reputation or character of Plaintiffs, or any of the actions of Plaintiffs which are, have been or may be taken by them prior to the execution of this Agreement.

7.4     If a material violation of this Section 7 by any Plaintiff is proven in a court of competent jurisdiction, that Plaintiff shall be obligated to repay the amount of the Settlement Sum he or she received pursuant to Section 2.2(i) to (xvi) to Xerox Corporation as liquidated damages (and not as a penalty), and Defendants and the Releasees may also pursue their legal and equitable remedies.  If a court of competent jurisdiction finds a material violation, all of the remaining provisions in this Agreement shall remain in full force and effect.

8.      **Miscellaneous.**

8.1     Plaintiffs understand and agree that the obligations contained in Section 1 and Section 7 are material provisions of this Agreement, for which good and sufficient consideration is provided. However, Plaintiffs and Defendants also acknowledge and agree that those provisions could be undermined and/or rendered ineffective if any Plaintiff or Defendant takes actions between the date that the Parties entered their agreement on the Court's record, November 17, 2017, and the date that this Agreement is fully-executed ("Interim Period") that would be violation of Section 1 or Section 7 of this Agreement if taken after the date that this Agreement is fully-executed. Accordingly, Plaintiffs and Defendants represent and warrant that, during the Interim Period, none of the Plaintiffs and Defendants took or will take any actions,

directly or indirectly, that would violate this Agreement if they occurred after the date that this Agreement is fully-executed.

8.2 Plaintiffs represent that they have thoroughly considered all aspects of this Agreement and that they have discussed the Agreement with their attorney. Plaintiffs acknowledge that they have carefully read and understand all of the terms and conditions set forth in this Agreement, and enter into this Agreement freely, knowingly and without reliance upon any representation or promise made by Defendants and/or Defendants' attorneys.

8.3 This Agreement represents the sole and entire agreement between the Parties. No statements, representations, promises, agreements, or negotiations, oral, or otherwise, between the Parties or their counsel, which are not included herein, shall be of any force or effect. This Agreement may not be modified, except in writing signed by the Plaintiffs and Defendants and specifically referring to this Agreement.

8.4 This Agreement shall be construed as a whole in accordance with its fair meaning and the laws of the State of New York without regard to conflict of laws, except to the extent that the law of the United States governs any matter set forth herein, in which case such Federal law shall govern.

8.5 The Parties agree that the language of this Agreement shall not be construed for or against any particular Party merely because that Party or its attorneys prepared, drafted or proposed such language. Headings used in this Agreement are for ease of reference only and shall not be used for its interpretation.

8.6 This Agreement may be executed through the use of separate signature pages in multiple originals and in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same agreement, binding on all Parties, notwithstanding that all Parties are not signatories to the same counterpart. The Parties shall exchange original signed agreements as soon as practicable following delivery and execution as aforesaid.


**[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

**I, GEORGE BELL, HEREBY ACKNOWLEDGE THAT I HAVE READ THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE AND AGREE TO THE TERMS THEREOF.**

Plaintiff


_____
George Bell

Dated: _____


STATE OF NEW YORK        )
                             ) SS:
COUNTY OF _____     )

BEFORE ME, the undersigned authority, on this day personally appeared George Bell, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purpose and consideration therein expressed.

Subscribed and sworn to before me this _____day of _____, 2018.


                                       _____
                                       Notary Public - State of New York
                                       Printed Name:_____
                                       My Commission Expires:


[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

**I, JEAN BELL, HEREBY ACKNOWLEDGE THAT I HAVE READ THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE AND AGREE TO THE TERMS THEREOF.**

Plaintiff

_____

Jean Bell

Dated: _____

STATE OF NEW YORK       )
                                  ) SS:
COUNTY OF _____    )

BEFORE ME, the undersigned authority, on this day personally appeared Jean Bell, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that she executed the same for the purpose and consideration therein expressed.

Subscribed and sworn to before me this _____day of _____, 2018.

_____
Notary Public - State of New York
Printed Name:_____
My Commission Expires:

**[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

**I, ADALBERT LUX, HEREBY ACKNOWLEDGE THAT I HAVE READ THIS CONFIDENTIAL SETTLEMENT AGREEMENT, AND RELEASE AND AGREE TO THE TERMS THEREOF.**

Plaintiff


_____

Adalbert Lux

Dated: _____


STATE OF NEW YORK              )
                              ) SS:
COUNTY OF _____        )

BEFORE ME, the undersigned authority, on this day personally appeared Adalbert Lux, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purpose and consideration therein expressed.

Subscribed and sworn to before me this _____day of _____, 2018.



_____
Notary Public - State of New York
Printed Name:_____
My Commission Expires:



[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

**I, BRIGITTA LUX, HEREBY ACKNOWLEDGE THAT I HAVE READ THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE AND AGREE TO THE TERMS THEREOF.**

Plaintiff

_____

Brigitta Lux

Dated: _____

STATE OF NEW YORK                    )
                                     ) SS:
COUNTY OF _____              )

BEFORE ME, the undersigned authority, on this day personally appeared Brigitta Lux, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that she executed the same for the purpose and consideration therein expressed.

Subscribed and sworn to before me this _____day of _____, 2018.

_____
Notary Public - State of New York
Printed Name:_____
My Commission Expires:

[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

**I, CHARLES VAN NEIL, HEREBY ACKNOWLEDGE THAT I HAVE READ THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE AND AGREE TO THE TERMS THEREOF.**

Plaintiff

_____
Charles Van Neil

Dated: _____

STATE OF NEW YORK            )
                             ) SS:
COUNTY OF _____       )

BEFORE ME, the undersigned authority, on this day personally appeared Charles Van Neil, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purpose and consideration therein expressed.

Subscribed and sworn to before me this _____day of  _____, 2018.

_____
Notary Public - State of New York
Printed Name:_____
My Commission Expires:

[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

**I, JEANNETTE VAN NEIL, HEREBY ACKNOWLEDGE THAT I HAVE READ THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE AND AGREE TO THE TERMS THEREOF.**

Plaintiff

_____

Jeannette Van Neil

Dated: _____

STATE OF NEW YORK                    )
                                     ) SS:
COUNTY OF _____              )

BEFORE ME, the undersigned authority, on this day personally appeared Jeannette Van Neil, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that she executed the same for the purpose and consideration therein expressed.

Subscribed and sworn to before me this _____day of _____, 2018.

_____

Notary Public - State of New York
Printed Name:_____
My Commission Expires:

**[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

**I, PATSY PUGLIESE, HEREBY ACKNOWLEDGE THAT I HAVE READ THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE AND AGREE TO THE TERMS THEREOF.**

Plaintiff

_____

Patsy Pugliese

Dated: _____

STATE OF NEW YORK      )
                                  ) SS:
COUNTY OF _____     )

BEFORE ME, the undersigned authority, on this day personally appeared Patsy Pugliese, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that she executed the same for the purpose and consideration therein expressed.

Subscribed and sworn to before me this _____day of _____, 2018.

_____
Notary Public - State of New York
Printed Name:_____
My Commission Expires:

[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

**I, ALICE PUGLIESE, HEREBY ACKNOWLEDGE THAT I HAVE READ THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE AND AGREE TO THE TERMS THEREOF.**

Plaintiff

_____

Alice Pugliese

Dated: _____

STATE OF NEW YORK           )
                                    ) SS:
COUNTY OF _____     )

BEFORE ME, the undersigned authority, on this day personally appeared Alice Pugliese, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that she executed the same for the purpose and consideration therein expressed.

Subscribed and sworn to before me this _____day of _____, 2018.

_____

Notary Public - State of New York
Printed Name:_____
My Commission Expires:

[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

**I, GERALD SMART, HEREBY ACKNOWLEDGE THAT I HAVE READ THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE AND AGREE TO THE TERMS THEREOF.**

Plaintiff

_____

Gerald Smart

Dated: _____

STATE OF NEW YORK )
) SS:
COUNTY OF _____ )

BEFORE ME, the undersigned authority, on this day personally appeared Gerald Smart, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purpose and consideration therein expressed.

Subscribed and sworn to before me this _____day of _____, 2018.

_____
Notary Public - State of New York
Printed Name:_____
My Commission Expires:

[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

**I, DOROTHY SMART, HEREBY ACKNOWLEDGE THAT I HAVE READ THIS CONFIDENTIAL SETTLEMENT AGREEMENT, GENERAL RELEASE AND COVENANT NOT TO SUE AND AGREE TO THE TERMS THEREOF.**

Plaintiff

_____
Dorothy Smart

Dated: _____

STATE OF NEW YORK              )
                              ) SS:
COUNTY OF _____         )

BEFORE ME, the undersigned authority, on this day personally appeared Dorothy Smart, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that she executed the same for the purpose and consideration therein expressed.

Subscribed and sworn to before me this _____day of _____, 2018.

_____
Notary Public - State of New York
Printed Name:_____
My Commission Expires:

[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

**I, HERBERT OELKERS, HEREBY ACKNOWLEDGE THAT I HAVE READ THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE AND AGREE TO THE TERMS THEREOF.**

Plaintiff


_____

Herbert Oelkers

Dated: _____


STATE OF NEW YORK                )
                                 ) SS:
COUNTY OF _____       )

BEFORE ME, the undersigned authority, on this day personally appeared Herbert Oelkers, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purpose and consideration therein expressed.

Subscribed and sworn to before me this _____day of  _____, 2018.


                                  _____
                                  Notary Public - State of New York
                                  Printed Name:_____
                                  My Commission Expires:


[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

**I, RICHARD MORRILL, HEREBY ACKNOWLEDGE THAT I HAVE READ THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE AND AGREE TO THE TERMS THEREOF.**

Plaintiff


_____
Richard Morrill

Dated: _____


STATE OF NEW YORK            )
                             ) SS:
COUNTY OF _____      )

BEFORE ME, the undersigned authority, on this day personally appeared Richard Morrill, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purpose and consideration therein expressed.

Subscribed and sworn to before me this _____day of  _____, 2018.


                    _____
                    Notary Public - State of New York
                    Printed Name:_____
                    My Commission Expires:


[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

**I, RUTH MORRILL, HEREBY ACKNOWLEDGE THAT I HAVE READ THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE AND AGREE TO THE TERMS THEREOF.**

Plaintiff

_____
Ruth Morrill

Dated: _____

STATE OF NEW YORK         )
                                    ) SS:
COUNTY OF _____      )

BEFORE ME, the undersigned authority, on this day personally appeared Ruth Morrill, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that she executed the same for the purpose and consideration therein expressed.

Subscribed and sworn to before me this _____day of _____, 2018.

_____
Notary Public - State of New York
Printed Name:_____
My Commission Expires:

**[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

**I, BLAIR HENDERSHOT, HEREBY ACKNOWLEDGE THAT I HAVE READ THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE AND AGREE TO THE TERMS THEREOF.**

Plaintiff


_____

Blair Hendershot

Dated: _____


STATE OF NEW YORK                )
                                 ) SS:
COUNTY OF _____        )

BEFORE ME, the undersigned authority, on this day personally appeared Blair Hendershot, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purpose and consideration therein expressed.

Subscribed and sworn to before me this _____day of _____, 2018.


_____
Notary Public - State of New York
Printed Name:_____
My Commission Expires:


[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

**I, JOAN HENDERSHOT, HEREBY ACKNOWLEDGE THAT I HAVE READ THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE AND AGREE TO THE TERMS THEREOF.**

Plaintiff

_____

Joan Hendershot

Dated: _____

STATE OF NEW YORK        )

                                     ) SS:

COUNTY OF _____    )

BEFORE ME, the undersigned authority, on this day personally appeared Joan Hendershot, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that she executed the same for the purpose and consideration therein expressed.

Subscribed and sworn to before me this _____day of _____, 2018.

_____

Notary Public - State of New York

Printed Name:_____

My Commission Expires:

[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

**I SUZANN MORNO-AWADE, HEREBY ACKNOWLEDGE THAT I HAVE AUTHORITY TO EXECUTE THIS AGREEMENT ON BEHALF OF ALL DEFENDANTS EXCEPT LAWRENCE BECKER HAVE READ THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE AND AGREE TO THE TERMS THEREOF.**

_____
Xerox Corporation, Xerox Medical Plan, the
Xerox Dental Care Plan, and the 1986 Enhanced Early
Retirement Program


By:      _____

Title:   _____

Dated: _____


STATE OF NEW YORK            )
                             ) SS:
COUNTY OF _____      )

BEFORE ME, the undersigned authority, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that she executed the same for the purpose and consideration therein expressed.

Subscribed and sworn to before me this _____day of _____, 2018.


_____
Notary Public - State of New York
Printed Name:_____
My Commission Expires:


[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

**I LAWRENCE BECKER, HAVE READ THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE AND AGREE TO THE TERMS THEREOF.**

_____
Lawrence M. Becker
Defendant

Dated: _____

STATE OF NEW YORK          )
                           ) SS:
COUNTY OF _____   )

BEFORE ME, the undersigned authority, on this day personally appeared Lawrence Becker, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that she executed the same for the purpose and consideration therein expressed.

Subscribed and sworn to before me this _____day of _____, 2018.


_____
Notary Public - State of New York
Printed Name:_____
My Commission Expires:

[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

# Exhibit A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GEORGE BELL, JEAN BELL, ADALBERT LUX,
BRIGITTA LUX, CHARLES VAN NEIL,
JEANNETTE VAN NEIL, PATSY PUGLIESE,
ALICE PUGLIESE, GERALD SMART,
DOROTHY SMART, HERBERT OELKERS,
RICHARD MORRILL, RUTH MORRILL, BLAIR
HENDERSHOT, and JOAN HENDERSHOT,

                  Plaintiffs,

        -against-

XEROX CORPORATION, XEROX PLAN
ADMINISTRATOR COMMITTEE, LAWRENCE
M. BECKER, XEROX MEDICAL PLAN, XEROX
DENTAL CARE PLAN, and XEROX
CORPORATION 1986 ENHANCED EARLY
RETIREMENT PROGRAM,

                  Defendants.

Civil Action No. 6:13-cv-06586

---

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, the attorneys of record for the parties to the above-captioned action, as follows:

1.      The above-named parties are all of the parties who have appeared in this action.

2.      None of the above-named parties is an infant, an incompetent person for whom a committee has been appointed, or a conservatee.

3.      That the parties have entered into a settlement agreement, which is incorporated herein by reference.

4.      That this Court retains jurisdiction over the settlement agreement.

5.      There being no person not a party who has an interest in the subject matter of this action, the parties hereby stipulate and agree that this action shall be dismissed pursuant to Federal Rule of Civil Procedure 41(a), with prejudice.

| | |
|---|---|
| David R. Pfalzgraf, Jr., Esq. | Margaret A. Clemens, Esq. |
| Anne K. Bowling, Esq. | Pamela S. C. Reynolds, Esq. |
| RUPP, BAASE, PFALZGRAF, | LITTLER MENDELSON, P.C. |
| CUNNINGHAM, LLC | 375 Woodcliff Drive, 2nd Floor |
| 1600 Liberty Building | Fairport, NY  14450 |
| 424 Main Street | 585.203.3400 |
| Buffalo, NY 14202 | mclemens@littler.com |
| 716.854.3400 | preynolds@littler.com |
| Pfalzgraf@ruppbaase.com | |
| Bowling@ruppbaase.com | |

*Attorneys for Plaintiffs*

Dated: _____

*Attorneys for Defendants*

Dated: _____



**SO ORDERED this _____ day of _____, 2018:**

_____
Hon. David G. Larimer
United States District Judge